UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-517-RJC

| | |
|---|---|
| JORGE GALEAS, JR., )<br>*Also known as* )<br>Jorge Gevara, )<br>              **Plaintiff,** )<br>    v. )<br>THEODIS BECK; BOYD BENNETT; )<br>HATTIE B. PIMPONG; RICK )<br>JACKSON; MICHEAL MORMAN; )<br>BILLIE J. WEAVER; DENNIS )<br>E. MARSHALL; JERLINE )<br>BENNETT; R. WARREN; )<br>FNU CARRIGAN, )<br>              **Defendants.** ) | **ORDER** |

**THIS MATTER** is before the Court on consideration of the complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

I.  **BACKGROUND**

Plaintiff is a prisoner of the State of North Carolina with a projected release date of January 24, 2047. According to his complaint, Plaintiff was summoned for a drug test prior to his transfer to Lumberton Correctional Institution. When he arrived for the test the examining officer presented him with a specimen cup that had previously been opened and the officer's thumb and forefinger, which were not covered by a rubber glove, extended into the cup. Four or five days after Plaintiff had completed his drug screen he received news that he had tested positive for

1

marijuana and he was charged and the results of the test were confirmed by prison officials after disciplinary hearing. Plaintiff steadfastly maintained that he could not have tested positive for marijuana and he appealed the adverse determination complaining first that he was innocent and second that the prison staff failed to follow established North Carolina procedures in administering the drug screen and in concluding that he had tested positive for marijuana. Plaintiff submitted documentation with his complaint tending to show that he completed the Three-Step Corrections Administrative Remedy Procedure and the positive drug result was found to be valid and that all necessary protocol was followed. (Doc. No. 1-5). See N.C. Gen. Stat. § 148-118.1 – 148-118.9 (Article 11A).

Among other claims for relief, the Plaintiff moves for any order requiring prison officials to follow state policy and to require that a blood test be administered rather than a urine test "in the future to avoid conspiracy to obstruct justice by prison officials and violation of due process in order to prevent false charges and deprivation of constitutional rights." (Doc. No. 1 at 4).

**II.    STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(A)(a), "the court shall review ... a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." During this review, the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). The Court must also dismiss the complaint it is appears that the plaintiff is seeking monetary damages from an individual that is immune from such relief. Id. § 1915A(b)(2).

Upon review, this Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

2

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

In his complaint, Plaintiff contends prison officials involved in his drug screen and in his disciplinary hearing failed to follow established policies of the North Carolina Department of Corrections, which is now known at the Department of Public Safety.

A claim under § 1983 must implicate federal rights as those rights are protected by federal laws or the Constitution. Kendall v. Chesapeake, 174 F.3d 437, 440 (4th Cir. 1999). Put another way, "Section 1983 itself creates no rights; rather it provides 'a method for vindicating federal rights elsewhere conferred.'" Id. (quoting Albright v. Oliver, 510 U.S. 266, 271 (1994)).

Plaintiff contends that not only were prison administrative procedures not followed, but that the lack of adherence to such procedures resulted in a denial of his right to due process as guaranteed by the Constitution. However, the "Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1995). And even if the Court were to assume that one or more missteps were taken during the drug testing procedure and in the disciplinary proceedings, Plaintiff would still have failed to state an actionable claim under federal law. See Riccio v. Cnty. of Fairfax, 907 F.2d 1459, 1469 (4th Cir. 1990) (explaining that "[i]f state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue.").

3

Dissatisfaction with the results of a drug screen which he contends was not properly administered or his belief that internal policies were not properly followed will not support a claim for relief in this § 1983 proceeding. The Court finds that Plaintiff has failed to state any claim which could entitle him to relief in this matter and the complaint will therefore be dismissed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim.

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 14, 2014

Robert J. Conrad, Jr.
United States District Judge